UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
UNITED STATES OF AMERICA,

       -against-

NAOMI MITCHELL,

               Defendant.
--------------------------------------------------------x

FILED
IN CLERKS OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 6 - 2018 ★

BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
18-CR-213 (CBA)

**AMON, United States District Judge:**

Defendant Naomi Mitchell moves to dismiss her indictment pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 et seq. The government does not contest Mitchell's motion, but requests that the indictment be dismissed without prejudice. (D.E. # 47 at 1.) For the foregoing reasons, the indictment against Mitchell is dismissed without prejudice.

**BACKGROUND**

On September 18, 2017, Mitchell, a U.S. Postal Service employee, was arrested for knowingly and unlawfully secreting, destroying, detaining and delaying letters, mail, articles and things contained therein entrusted to her and intended to be conveyed by mail, in violation of 18 U.S.C. § 1703. (D.E. # 1.) On the same date, Mitchell was arraigned before Magistrate Judge Tiscione, (D.E. # 2), and the parties applied for, and the Court entered, an Order of Excludable Delay ("OED") pursuant to the Speedy Trial Act. The OED, a pre-prepared form, was filled out incorrectly by the government, excluding time between October 17, 2017 and November 17, 2017, instead of excluding time beginning on the date of the arraignment, September 18, 2017. (D.E. # 47 at 2.) After the arraignment, the government and Mitchell engaged in ongoing plea discussions and each applied for further exclusions of time twice: the government on November 21, 2017, (D.E. # 7), and March 2, 2018, (D.E. #14), and Mitchell on January 4, 2018, (D.E. # 8), and

February 13, 2018, (D.E. # 10). Mitchell was indicted on April 25, 2018. (D.E. # 16.) Due to the error in the first OED, 42 unexcluded days passed between Mitchell's arraignment and the indictment. The government raised this issue in a letter to the Court on May 29, 2018. (D.E. # 38.) Mitchell moved to dismiss the indictment pursuant to 18 U.S.C. § 3161 on June 29, 2018. (D.E. # 44.)

## DISCUSSION

The Speedy Trial Act requires that an "indictment charging an individual with the commission of an offense" be "filed within thirty days from the date on which such individual was arrested or served with a summons in connection with those charges." 18 U.S.C. § 3161(b). If an indictment is not timely filed, it must be "dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). The Court may dismiss the case with or without prejudice. Id. When determining whether or not to dismiss the case with prejudice, the statute directs the Court to consider three factors: (1) "the seriousness of the offense," (2) "the facts and circumstances of the case which led to the dismissal," and (3) "the impact of a reprosecution on the administration of [the Speedy Trial Act] and the administration of justice." Id. In addition to these statutory factors, the Supreme Court has indicated that prejudice to the defendant should also be considered. United States v. Bert, 814 F.3d 70, 79 (2d Cir. 2016) (quoting United States v. Taylor, 487 U.S. 326, 336–37 (1988)). The government does not contest that the indictment should be dismissed. (D.E. # 47.) Instead, it argues that the balance of these factors weigh in favor of dismissing the indictment without prejudice. Id. The Court agrees.

The decision of "whether to dismiss an indictment with or without prejudice is committed to the discretion of the district court." Bert, 814 F.3d at 79. However, the district court must "carefully consider" the statutory factors and "clearly articulate their effect in order to permit

2

meaningful appellate review." Id. (emphasis omitted) (quoting Taylor, 487 U.S. at 336). As such, the Court will take each factor in turn.

## I. Prejudice to the Defendant

Although not dispositive, the absence of prejudice to the defendant weighs in favor of dismissing an indictment without prejudice. United States v. Wells, 893 F.3d 535, 540 (2d Cir. 1990). The length of the delay has bearing on whether a defendant suffered of prejudice — the "longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty." Bert, 814 F.3d at 81 (quoting Taylor, 487 U.S. at 340).

Here, the government attained an indictment after 42 unexcluded days, 12 days in excess of the 30-day limit to bring an indictment under § 3161. The Court finds that the 12-day delay neither has impeded on Mitchell's "ability to prepare for trial" nor seriously has restricted her liberty. The Court is particularly persuaded by the fact that Mitchell herself made two additional requests for an OED. Not only does this indicate that Mitchell likely was operating under the assumption that there was no error in the initial OED and that her case was proceeding in compliance with the Speedy Trial Act, but it also demonstrates that she did not believe that she would suffer prejudice in further delaying the indictment. It is also worth noting that in making her motion, Mitchell does not indicate what prejudice she has suffered by the passing of an additional 12 days before an indictment was issued. (See D.E. # 44 ¶ 75 (highlighting the importance of prejudice to the defendant in the Court's inquiry, but not describing any specific prejudice that she suffered).) The Court therefore concludes that Mitchell has not suffered any prejudice by the delay in the indictment. This weighs in favor of dismissing the indictment without prejudice.

## II.    Seriousness of Offense

Mitchell was indicted for the felony of knowingly disposing of significant amounts of mail that was entrusted into her care. (D.E. # 16.) Neither side disputes that a felony offense is a serious offense. Where the crime charged is serious, "the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay." Bert, 814 F.3d at 79. Here, there was only a 12-day delay beyond what was permitted by the Speedy Trial Act. The Court does not consider this a "serious delay." Therefore, this factor further militates in the favor of dismissing without prejudice.

## III.    Facts and Circumstances Leading to the Delay

The government concedes that its error caused the first OED to exclude time beginning in October instead of September, and that without this error, there would not have been a violation of the Speedy Trial Act. (D.E. # 47.) However, "negligent conduct by the court or the government renders [this factor] neutral, at best, where the delay is not overly long and there has been no showing of prejudice." Bert, 814 F.3d at 80 (internal citations omitted.) Moreover, the Supreme Court has instructed that the district court should preclude reprosecution of a serious crime only "upon a showing of something more than an unwitting violation, such as a finding of 'bad faith' or a 'pattern of neglect.'" Id. (quoting Taylor, 487 U.S. at 339). No such showing has been made in this case. Indeed, the fact that the government repeatedly sought further OEDs demonstrates that it was attentive to the speedy trial clock. Moreover, once the government became aware of its error, it filed a letter to the Court "in an abundance of caution." (D.E. # 38.) Although the government made a mistake, there is no indication of bad faith or a pattern of neglect. This factor is either neutral or weighs in favor of dismissing the indictment without prejudice.

## IV. Impact of a Reprosecution on the Administration of the Speedy Trial Act and the Administration of Justice

In evaluating this factor, the Second Circuit has directed the district court to "identify and explain the administrative neglect that caused the particular delay at issue," and to consider "the likelihood of repeated violations and whether there are potential administrative changes prompted by this violation." Bert, 814 F.3d at 82–83, 86. As discussed above, the cause for delay in this case was a one-time mistake. There has been no showing of a level of neglect that prompts any sort of administrative change. Both parties in this case have been diligent about adhering to the Speedy Trial Act, and had operated under the assumption that there were no issues with the initial OED throughout the entirety of the plea negotiations that preceded the indictment. As such, this factor further supports that the appropriate sanction in this case is a dismissal of the indictment without prejudice.

## CONCLUSION

For the reasons stated above, the Court dismisses Mitchell's indictment from April 25, 2018, without prejudice.

SO ORDERED.

Dated: July 6, 2018
      Brooklyn, New York

                               s/Carol Bagley Amon
                               Carol Bagley Amon
                               United States District Judge